IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**AMERICAN LIGHTING, LLC**,
a Colorado limited liability company

      Plaintiff,

vs.                                                                                   No. 05-CV-1353 MCA/ACT

**CENTSIBLE LIGHTING, LLC,**
an Arizona limited liability company,
and **RANDAL L. SCHULTZ,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendants' Motion to Transfer Proceedings or, Alternatively, to Stay Proceedings* [Doc. 16], filed June 5, 2006.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies the motion.

## I. BACKGROUND

The following facts are taken from Plaintiff's *Complaint* [Doc. 1] or *Amended Complaint* [Doc. 13] or are otherwise undisputed by the parties.

Plaintiff, American Lighting, LLC ("American") is a limited liability company with its principal place of business in Denver, Colorado.  American is in the business of importing, manufacturing, and distributing lighting-related products.  From at least March 1998 until approximately January 2004, American employed Defendant Randal L. Schultz.  During his tenure with American, Schultz signed two confidentiality agreements, the first

on or about March 20, 1998 and the second on or about January 3, 2003.  By virtue of the January 3 agreement, Schultz promised, among other things, to hold American's confidential information and trade secrets in the strictest confidence and not to use or disclose such information and/or secrets to anyone after his employment with American ended, for as long as that information and those secrets remained confidential or otherwise protectible.  [See generally Docs. 1, 13].

In late 2003, Schultz organized Defendant Centsible Lighting, LLC ("Centsible") in the State of Wisconsin and resigned from American at approximately the same time.  Also at about that time, American sent Schultz a letter reminding him of his confidentiality-agreement obligations.  [Doc. 1 at 4; Doc. 13 at 4].  At some point in 2004, Schultz relocated from Wisconsin to Rio Rancho, New Mexico and operated Centsible in Rio Rancho until he again relocated to Cottonwood, Arizona on or about July 1, 2005.  [Doc. 17 at 2].  Centsible, which continues to operate from Arizona, imports, manufactures, and distributes lighting-related products in direct competition with American.  [Doc. 1 at 5; Doc. 17 at 8].

On December 29, 2005, American filed a *Complaint* in the United States District Court for the District of New Mexico ("the New Mexico case") against Schultz and Centsible, alleging breach of contract, breach of the duty of good faith and fair dealing, violations of the Uniform Trade Secrets Act, violations of the Unfair Trade Practices Act, negligence, unjust enrichment, tortious interference with contract, unfair competition, and

prima facie tort.[1]  American seeks injunctive relief as well as compensatory and punitive damages.  [See generally Doc. 1].  Thereafter, on March 24, 2006, Schultz filed a complaint against American in the circuit court for Winnebago County (Wisconsin), seeking to determine the validity of the confidentiality agreements.  [See Doc. 1 in case no. 06cv508 WCG (E.D. Wis.), attached *Complaint*].  American removed the matter to the United States District Court for the Eastern District of Wisconsin ("the Wisconsin case") and, on May 18, 2006, moved to dismiss the case or, in the alternative, to stay it pending resolution of the New Mexico case or transfer the matter to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1404(a).   [See Docs. 26, 27 in case no. 06cv508 WCG (E.D. Wis.)]. On June 5, 2006, while the transfer motion was pending in the Wisconsin case, Schultz and Centsible filed in this Court *Defendants' Motion to Transfer Proceedings or, Alternatively, to Stay Proceedings* [Doc. 16].

## II. ANALYSIS

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404.  The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient. Chrysler Credit Corp. v. Country

---

[1] American later amended its *Complaint* to reflect that it converted itself from a corporation to a limited liability company at some time after December 30, 2004.  [See Doc. 13 at 1].

3

Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (*quoting* Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

The following factors are among those that should be considered by a district court entertaining a § 1404(a) motion:

> (1) Plaintiff's choice of forum;
> (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses;
> (3) the cost of making the necessary proof;
> (4) questions as to the enforceability of a judgment if one is obtained;
> (5) relative advantages and obstacles to a fair trial;
> (6) difficulties that may arise from congested dockets;
> (7) the possibility of the existence of questions arising in the area of conflict of laws;
> (8) the advantage of having a local court determine questions of local law; and
> (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp., 928 F.2d at 1516.  Unless the balance of factors is strongly in favor of the movant, Plaintiff's choice of forum should rarely be disturbed.  Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992).

Schultz and Centsible maintain that the Eastern District of Wisconsin is a more appropriate forum than the District of New Mexico under the circumstances because

4

(1) there are no parties or witnesses located in New Mexico, while there are customers and vendors located in Wisconsin who may serve as witnesses; (2) the complained-of conduct began in Wisconsin and, while it continued for a short period of time in New Mexico, allegedly continues today from Arizona; (3) the validity of the confidentiality agreements is to be decided by reference to Wisconsin law; and (4) judicial economy and the interests of justice are served by transferring the matter to Wisconsin. [See Doc. 17 at 6-7].

Notwithstanding the conclusion of Schultz and Centsible that the Chrysler Credit Corp. factors weigh in favor of transfer, the Court's own independent review and application of those factors to the facts of this case persuade it that the District of New Mexico is a more appropriate forum. For example, with respect to factor (2), the Court notes that customer and vendor lists submitted by Schultz and Centsible do indeed reveal 21 customers and vendors in Wisconsin and only 2 in New Mexico. [See Doc. 17; Exhs. C, D]. However, Schultz and Centsible have not elaborated as to the quality or materiality of the testimony that would be presented by these vendors and customers if they were to be called as witnesses. See Scheidt, 956 F.2d at 966 (stressing importance of quality and materiality of testimony where majority of witnesses resided out-of-state).[2] On the other hand, Plaintiff

---

[2] In Scheidt, the Tenth Circuit affirmed the district court's denial of Defendant's motion to transfer venue from Oklahoma to Florida and explained that

> [w]hile, at least on the conclusory assertions made in support of [the] motion, the . . . witnesses may have had pertinent testimony to present, nothing ha[d] been submitted . . . to indicate the quality or materiality of the testimony of said witnesses[,] [n]or ha[d] Defendant shown that any such witnesses [were] unwilling to come

represents that its four identified witnesses, all employees or former employees of Plaintiff who will be testifying as to "all the matters alleged in Plaintiff's Complaint" as well as to "Plaintiff's unsuccessful attempt to maintain its point-of-purchase business after Defendant misappropriated Plaintiff's trade secrets[,]" are all Colorado residents. [Doc. 15, *Initial Pretrial Report* at 7]. Plaintiff also submits that the fact that Schultz is an Arizona resident and that "all discoverable documents are presumably located at the parties' respective Arizona and Colorado headquarters[]" militates against a transfer to the Eastern District of Wisconsin. [Doc. 18 at 5-6]. Plaintiff's argument that witness proximity to the chosen forum is important finds some support in Tenth Circuit authority. See Palace Exploration Co. v. Petroleum Dev. Co., 316 F.3d 1110, 1121-22 (10th Cir. 2003) (affirming denial of motion to transfer venue from Northern District of Oklahoma to Southern District of New York where most witnesses located in *or near* Oklahoma). Accordingly, the Court concludes that factor (2) weighs against transfer.

Schultz and Centsible do not address factor (3), the cost of making the necessary proof; factor (4), questions as to the enforceability of a judgment if one is obtained; factor (5), relative advantages and obstacles to a fair trial; or factor (7), the possibility of the existence of questions arising in the area of conflict of laws. See Chrysler Credit Corp., 928 F.2d at 1515 (movant bears burden of establishing inconvenience of existing forum). By

---

to trial in Oklahoma City; that deposition testimony would be unsatisfactory; or that the use of compulsory process [would] be necessary.

contrast, American submits that, with respect to factor (6), the District of New Mexico, where the average time from filing of a civil suit to trial is 19.4 months, has a less congested docket and is therefore a better forum than the Eastern District of Wisconsin, where the average time from filing to trial is 20.3 months.[3]  See http://www.uscourts.gov/cgi-bin/cmsd2005.pl.  Thus, the Court concludes that factor (6) also weighs against transfer.

 Finally, American disputes Schultz's and Centsible's allegation that factor (8) weighs in favor of transfer because it is advantageous to have a court sitting in Wisconsin determine questions of Wisconsin law, *i.e.*, whether the activities of Schultz and Centsible amounted to a breach of the confidentiality agreements.  [See Doc. 17 at 7; Doc. 18 at 7].  According to American, the applicable law with respect to the confidentiality agreements is a matter of dispute.  [See Doc. 18 at 7 n.3].  Whatever the applicable law, there is no reason to believe that the legal issue involved—breach of contract—is so complicated that it is somehow more advantageous to have it decided in the Eastern District of Wisconsin rather than in this Court.  See Scheidt, 956 F.2d at 965 ("[T]he applicability of Florida law is not a significant concern in light of the relative simplicity of the legal issues involved in the common law fraud and breach of contract claims tried in Oklahoma.").  Again, "[u]nless the balance of

---

[3] However, the average time from filing of a civil suit to *disposition* is 10.3 months in the District of New Mexico and only 9.1 months in the Eastern District of Wisconsin.  See http://www.uscourts.gov/cgi-bin/cmsd2005.pl.  Notwithstanding that a civil action that ultimately is disposed of other than by trial may proceed more quickly in the Eastern District of Wisconsin than in the District of New Mexico, the remaining Chrysler Credit Corp. factors are either neutral factors or affirmatively weigh against transfer.

factors is *strongly* in favor of the movant, Plaintiff's choice of forum should rarely be disturbed." Scheidt, 956 F.2d at 965 (emphasis added). In light of the foregoing, the Court concludes that Schultz and Centsible have not satisfied their burden of establishing that the District of New Mexico is such an inconvenient forum that American's choice of forum should be disturbed and this matter transferred to the Eastern District of Wisconsin. See Chrysler Credit Corp., 928 F.2d at 1515; see also Scheidt v. Klein, 956 F.2d at 965.

Finally, the Court denies as moot the alternative motion to stay the proceedings pending the outcome of the Wisconsin case, noting that on July 5, 2006, United States District Judge William C. Griesbach of the Eastern District of Wisconsin entered an order dismissing the Wisconsin case, case no. 06cv508 WCG, in favor of the New Mexico case.

### III. CONCLUSION

For the foregoing reasons, the motion of Schultz and Centsible to transfer venue or, in the alternative, to stay these proceedings, is denied.

**IT IS, THEREFORE, ORDERED** that *Defendants' Motion to Transfer Proceedings or, Alternatively, to Stay Proceedings* [Doc. 16] is **DENIED**.

**SO ORDERED** this 5th day of July, 2006, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge